FILED
AUG 18 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Paul Adams Rush, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. **09 1557** |
| | ) |
| Federal Bureau of Investigation, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and will dismiss the case pursuant to 28 U.S.C. § 1915A(b)(1). Under that statute, the Court is required to screen a prisoner's complaint and dismiss it as soon as feasible if the complaint, among other grounds, fails to state a claim upon which relief may be granted.

Plaintiff is a prisoner incarcerated at the Federal Correctional Institution in Bastrop, Texas, seeking records from the Federal Bureau of Investigation under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. By Order filed on May 21, 2009, this Court dismissed plaintiff's complaint arising from the same set of facts underlying this action because plaintiff had not exhausted his administrative remedies. *See Rush v. Federal Bureau of Investigation*, Civ. Action No. 09-0955 (Memorandum Opinion finding complaint prematurely filed). Meanwhile, the FBI informed plaintiff on May 11, 2009, that it had located approximately 800 pages of records responsive to his FOIA request and assessed him an approximate duplication fee of $70.00. Complaint ¶ 6 & Exhibit D. Plaintiff responded to the FBI's letter on

3

May 19, 2009, by agreeing to pay the assessed fee. *Id.* ¶ 9 & Exhibit F. Plaintiff initiated this action after the FBI failed to respond to his "follow up request" of June 18, 2009. *Id.* ¶ 11.

FOIA claims are premised on an agency's improper withholding of records. *See McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980)) ("federal jurisdiction is dependent upon a showing that an agency has (1) improperly; (2) withheld; (3) agency records") (internal quotation marks omitted). As a general rule, a FOIA requester must exhaust his administrative remedies before filing a lawsuit. *See Oglesby v. Dep't of the Army*, 920 F.2d 57, 65 (D.C. Cir. 1990). Exhaustion is not a jurisdictional barrier but "as a jurisprudential doctrine, [the] failure to exhaust precludes judicial review" if a merits determination would undermine the purpose of permitting an agency to review its determinations in the first instance. *Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003). The District of Columbia Circuit therefore has interpreted the FOIA's exhaustion provisions as "requiring the completion of the administrative appeal process before courts become involved, if the agency has responded to the request before suit is filed." *Oglesby*, 920 F.2d at 65.

Plaintiff has not permitted the administrative process to be completed by first obtaining an initial determination of a withholding. *See id.* at 61 (exhaustion allows "the agency [the] opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision . . . [and] the top managers of an agency to correct mistakes made at lower levels"). The Court therefore will dismiss the complaint for failure to state a claim. *See Hidalgo*, 344 F.3d at 1260 (vacating summary judgment and remanding for dismissal of unexhausted

FOIA claim under Fed. R. Civ. P. 12(b)(6)).  A separate Order accompanies this Memorandum Opinion.

/s/ Royce C. Lamberth
United States District Judge

Date: August 7, 2009